## IN THE COURT OF APPEALS OF TENNESSEE

## AT KNOXVILLE

**FILED**

January 27, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

E1999-02271-COA-R3-CV

KELVIN JACKSON,

    Plaintiff-Appellee,

vs.

EDWARD W. SUNKENBERG,

    Defendant-Appellant.

) C/A NO. 03A01-9906-CV-00198
)
) KNOX CIRCUIT
)
) HON. DALE C. WORKMAN,
) JUDGE
)
) REVERSED AND REMANDED
) FOR A NEW TRIAL

T. SCOTT JONES, BANKS & JONES, Knoxville, for Plaintiff-Appellee.

R. KREIS WHITE, ADAIR, SCHUERMAN & WHITE, Brentwood, for Defendant-Appellant.

## O P I N I O N

Franks, J.

In this action for damages for injuries sustained in a motor vehicle accident, a jury awarded plaintiff $10,000.00 as damages, and defendant has appealed.

The issue on appeal is whether the Trial Judge properly applied Tennessee Code Annotated §24-5-113 to the facts of this case. The Statute provides in part:

> (a)(1) Proof in any civil action that medical, hospital or doctor bills were paid or incurred because of any illness, disease, or injury may be itemized in the complaint or civil warrant with a copy of bills paid or incurred attached as an exhibit to the complaint or civil warrant. The bills itemized and attached as an exhibit shall be prima facie evidence that the bills so paid or incurred were necessary and reasonable.
>
> (2) This section shall apply only in personal injury actions brought in any court by injured parties against the persons responsible for causing such injuries.
>
> (3) This prima facie presumption shall apply to the medical, hospital and doctor bills itemized with copies of bills attached to the complaint or civil warrant provided, that the total amount of such bills does not exceed the sum of two thousand five hundred dollars ($2,500).
>
> . . .

This action was originally filed in General Sessions Court for Knox County by filing a civil warrant with attached itemized copies of plaintiff's medical bills, which totaled $3,356.50. Plaintiff obtained a judgment in Sessions Court and the defendant timely appealed the case to the Circuit Court. In the Circuit Court, defendant argued that plaintiff's medical bills should not be introduced without expert proof, because they exceeded $2,500.00, on the authority of the above-quoted statute. The Trial Judge apparently ruled that the statute would apply up to $2,500.00 of the bills, and that without competent proof, the plaintiff could not recover any amount above that limit for his medical expenses.

Plaintiff, through his testimony, introduced a copy of a chiropractic bill totaling $2,650.00 over the objection of the defendant. At the time the bill was introduced, the Trial Judge instructed the jury that they would later be instructed regarding "the medical bill presumption" and that said presumption only extended to the sum of $2,500.00, and that without further proof plaintiff could not recover more than $2,500.00 for his medical bills.

At the conclusion of the proof, the Trial Judge charged the jury and told the jury again that the statutory presumption of reasonableness and necessity only applied up to $2,500.00. He further instructed that the presumption could be rebutted by evidence offered by the defendant.

On appeal, defendant insists that since the plaintiff's total medical expenses exceeded $2,500.00, plaintiff should not have been able to utilize the presumption created by the statute, and that under the strict construction of the statute, the bill which totals $2,650.00 was improperly admitted without expert medical testimony.

This Court has previously recognized that plaintiffs are required to present competent proof regarding the reasonableness and necessity of their medical expenses. *Hogan v. Reese*, 1998 WL 430627 (Tenn. Ct. App. 1998). In *Hogan* this Court addressed the question regarding the applicability of T.C.A. §24-5-113 by stating:

> At common law, reasonableness and necessity of medical expenses allegedly caused by the defendant are elements constituting a part of the burden of proof resting upon the plaintiff. To relieve this burden on small claims, the legislature by chapter 734 of the Public Acts of 1978

2

created a prima facie presumption of necessity and reasonableness under certain conditions.

This act of the General Assembly is presently codified as T.C.A. §24-5-113(a)(1)(2) and (3). The next change in the present codification as to the 1978 act was chapter 481 of the Public Acts of 1981 raising the original $500 maximum amount to the present maximum amount of $2,500.

As *Hogan* notes, the statute simply means that plaintiffs are not forced to bring in expert medical proof of reasonableness and necessity where "the total amount of such bills does not exceed the sum of Two Thousand Five Hundred Dollars ($2,500.00)." In this case, while plaintiff said he was only claiming $2,500.00 in medical expenses, the "total" of the bill he sought to introduce at trial clearly exceeded $2,500.00. In *West v. Hudson*, 1988 WL 122431 (Tenn. Ct. App. 1988), (permission to appeal denied by the Supreme Court March 27, 1989), this Court explained that when a plaintiff has medical bills totaling more than $2,500.00, plaintiff must present expert medical testimony regarding the reasonableness and necessity of those charges. It was therefore error for the Trial Judge to admit into evidence plaintiff's medical bills which exceeded the $2,500.00 total.

The jury instruction given by the Trial Court was erroneous. Not only was the medical bill improperly admitted without competent proof, the Trial Court instructed the jury that they had to presume that $2,500.00 of plaintiff's medical expenses were reasonable and necessary. The Trial Court's instruction in this case regarding the medical bills was clearly erroneous and was misleading to the jury. *See Ladd by Ladd v. Honda Motor Co. Ltd.*, 939 S.W.2d 83, 94 (Tenn. Ct. App. 1996). Accordingly, we vacate the Trial Court's judgment and remand for a new trial.

The cost of the appeal is assessed to plaintiff.

_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.

3

_____
D. Michael Swiney, J.